MICHAEL FAILLACE & ASSOCIATES, P.C.
MICHAEL FAILLACE [MF-8436]
60 EAST 42ND STREET, SUITE 4510
NEW YORK, NEW YORK 10165
(212) 317-1200
ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ERICK OSORIO, *individually and on behalf of others similarly*
*situated,*

*Plaintiff,*

-against-

TASTE OF THAI INC. (d/b/a THREE E TASTE OF
THAI), 3E FOOD INC. (d/b/a THREE E TASTE OF
THAI), BENJAMAS SURATSOMBAT, PORNTHIWA
SURATSOMBAT, PAULA SURATSOMBAT, SIRA
AJALANON, and MOOHAM AJALANON,

*Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Erick Osorio ("Plaintiff Osorio" or "Mr. Osorio"), individually and on behalf of

others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon

information and belief, and as against each of Defendants Taste of Thai Inc. (d/b/a Three E Taste

of Thai), 3E Food Inc. (d/b/a Three E Taste of Thai) ("Defendant Corporations"), and Individual

Defendants Benjamas Suratsombat, Pornthiwa Suratsombat, Paula Suratsombat, Sira Ajalanon and

Mooham Ajalanon (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Osorio is an employee of Defendants Taste of Thai Inc., 3E Food Inc.,

Benjamas Suratsombat, Pornthiwa Suratsombat, Paula Suratsombat, Sira Ajalanon and Mooham

Ajalanon (collectively, "Defendants"), who own and operate "Three E Taste of Thai".

2.      Three E Taste of Thai is a Thai restaurant owned by Benjamas Suratsombat, Pornthiwa Suratsombat, Paula Suratsombat, Sira Ajalanon and Mooham Ajalanon, located at 3416 Broadway, Astoria, NY 11103.

3.      Upon information and belief, Defendants Benjamas Suratsombat, Pornthiwa Suratsombat, Paula Suratsombat, Sira Ajalanon and Mooham Ajalanon serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the Thai restaurant as a joint or unified enterprise.

4.      Plaintiff Osorio is an employee of Defendants.

5.      Plaintiff Osorio has been ostensibly employed as a delivery worker, but he has been required to spend several hours each day performing non-tipped duties unrelated to delivery work, including preparing food, cutting meats and vegetables, cleaning shrimp and seafood, preparing rice, stocking deliveries in the basement, washing dishes, and cleaning restrooms (hereinafter non-tip, non-delivery duties).

6.       Plaintiff Osorio has regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he has worked.

7.      Rather, Defendants have failed to maintain accurate records of hours worked and have failed to pay Plaintiff Osorio appropriately for any hours worked.

8.      Further, Defendants have failed to pay Plaintiff Osorio the required "spread of hours" pay for any day in which he has worked over 10 hours per day.

9.      Defendants have employed and accounted for Plaintiff Osorio as a delivery worker in their payroll, but in actuality his duties have included a significant amount of time spent performing non-delivery, non-tipped functions such as those alleged above.

10.     Regardless, throughout Plaintiff Osorio's employment, Defendants have paid Plaintiff Osorio at a rate that is lower than, or at, the tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiff Osorio's non-tipped duties have exceeded 20% of each workday, or 2 hours per day (whichever is less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiff Osorio's actual duties in payroll records to avoid paying Plaintiff Osorio at the minimum wage rate, and to enable them to pay Plaintiff Osorio at the lower tip-credit rate (which they still have failed to do) by designating him as a tipped employee instead of a non-tipped employee.

13.     Defendants' conduct extends beyond Plaintiff Osorio to all other similarly situated employees.

14.     At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiff Osorio and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Osorio now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.  § 201 *et seq.*  ("FLSA"), and for violations of the N.Y.  Lab.  Law §§ 190 *et seq.*  and 650 *et seq.*  (the "NYLL"), the "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Osorio seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Osorio's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims have occurred in this district, Defendants have operated their business in this district, and Plaintiff Osorio has been employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Erick Osorio ("Plaintiff Osorio") is an adult individual residing in Queens County, New York. Plaintiff Osorio has been employed by Defendants from approximately October 2009 until the present date.

20.     At all relevant times to this complaint, Plaintiff Osorio has been employed by Defendants as a delivery worker at Three E Taste of Thai located at 3416 Broadway, Astoria, NY 11103.

21.     Plaintiff Osorio consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     Defendants own, operate and/or control a Thai restaurant at 3416 Broadway, Astoria, NY 11103 under the name of Three E Taste of Thai, at all times relevant to this complaint.

23.     Upon information and belief, Defendant Taste of Thai Inc. is a corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 3416 Broadway, Astoria, NY 11103.

24.     Upon information and belief, Defendant 3E Food Inc. is a corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its service of process address at 42-04 Layton Street #413, Elmhurst, New York, 11373.

25.     Defendant Benjamas Suratsombat is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Benjamas Suratsombat is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Benjamas Suratsombat possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Benjamas Suratsombat has determined the wages and compensation of employees, including Plaintiff Osorio, has established the schedules of employees, has maintained employee records, and has had the authority to hire and fire employees.

26.     Defendant Pornthiwa Suratsombat is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Pornthiwa Suratsombat is sued individually in his capacity as an owner, officer and/or agent of Defendant

Corporations. Defendant Pornthiwa Suratsombat possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Pornthiwa Suratsombat has determined the wages and compensation of employees, including Plaintiff Osorio, has established the schedules of employees, has maintained employee records, and has had the authority to hire and fire employees.

27.     Defendant Paula Suratsombat is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Paula Suratsombat is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Paula Suratsombat possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Paula Suratsombat has determined the wages and compensation of employees, including Plaintiff Osorio, has established the schedules of employees, has maintained employee records, and has had the authority to hire and fire employees.

28.     Defendant Sira Ajalanon is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Sira Ajalanon is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Sira Ajalanon possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Sira Ajalanon has determined the wages and compensation of employees, including Plaintiff Osorio, has established the schedules of employees, has maintained employee records, and has had the authority to hire and fire employees.

29.     Defendant Mooham Ajalanon is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Mooham Ajalanon is

sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Mooham Ajalanon possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Mooham Ajalanon has determined the wages and compensation of employees, including Plaintiff Osorio, has established the schedules of employees, has maintained employee records, and has had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

30.     Defendants operate a Thai restaurant located at 3416 Broadway, Astoria, NY 11103.

31.      Individual Defendants Benjamas Suratsombat, Pornthiwa Suratsombat, Paula Suratsombat, Sira Ajalanon and Mooham Ajalanon possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.     Each Defendant possesses substantial control over Plaintiff Osorio's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Osorio, and all similarly situated individuals, referred to herein.

34.     Defendants have jointly employed Plaintiff Osorio, and all similarly situated individuals, and are Plaintiff Osorio's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiff Osorio and/or similarly situated individuals.

36.     Upon information and belief, Individual Defendants Benjamas Suratsombat, Pornthiwa Suratsombat, Paula Suratsombat, Sira Ajalanon and Mooham Ajalanon operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from their own selves, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

37.     At all relevant times, Defendants have been Plaintiff Osorio's employers within the meaning of the FLSA and NYLL.

38.     Defendants have had the power to hire and fire Plaintiff Osorio, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Osorio's services.

39.     In each year from 2011 to the present, Defendants, both individually and jointly, have had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.     In fact, Plaintiff Osorio repeatedly has witnessed that the restaurant makes approximately 150 deliveries daily, each at an average of $30.

41.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. For example, numerous items that are sold in the Thai restaurant on a daily basis have been produced outside of the State of New York.

*Plaintiff Erick Osorio*

42.     Plaintiff Osorio is a present employee of Defendants, who has been ostensibly employed as a delivery worker.

43.     However, Plaintiff Osorio has spent over 20% of each work day performing the non-tipped duties outlined above.

44.      Plaintiff Osorio seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

45.     Plaintiff Osorio has been employed by Defendants from approximately October 2009 until the present date.

46.     Plaintiff Osorio regularly has handled goods in interstate commerce, such as food, cleaning fluids and other supplies necessary to perform his duties that are produced outside of the State of New York.

47.     Plaintiff Osorio's work duties have required neither discretion nor independent judgment.

48.     Throughout his employment with Defendants, Plaintiff Osorio regularly has worked in excess of 40 hours per week.

49.     From approximately September 2011 until on or about November 2015, Plaintiff Osorio worked from approximately 11:00 a.m. until on or about 11:00 p.m. Mondays through Thursdays, from approximately 11:00 a.m. until on or about 11:30 p.m. on Fridays, and from approximately 12:00 p.m. until on or about 11:30 p.m. on Saturdays (typically 72 hours per week).

50.     From approximately December 2015 until on or about March 2016, Plaintiff Osorio worked from approximately 11:00 a.m. until on or about 11:00 p.m. seven days per week (typically 84 hours per week).

51.     From approximately April 2016 until on or about December 2016, Plaintiff Osorio worked from approximately 11:00 a.m. until on or about 11:00 p.m. Mondays through Thursdays, from approximately 11:00 a.m. until on or about 11:30 p.m. on Fridays, and from approximately 12:00 p.m. until on or about 11:30 p.m. on Saturdays (typically 72 hours per week).

52.     From approximately January 2017 until on or about June 9, 2017, Plaintiff Osorio worked from approximately 11:30 a.m. until on or about 10:30 p.m. three days per week (typically 33 hours per week).

53.     From approximately June 12, 2017 until the present date, Plaintiff Osorio has worked from approximately 11:30 a.m. until on or about 11:00 p.m. Mondays through Thursdays (typically 46 hours per week).

54.     From approximately September 2011 until on or about July 2017, Defendants paid Plaintiff Osorio his wages in cash.

55.     From approximately August 2017 until the present date, Defendants have paid Plaintiff Osorio his wages in a combination of cash and check.

56.     From approximately September 2011 until on or about December 2013, defendants paid Plaintiff Osorio a fixed salary of $60 per day.

57.     From approximately January 2014 until on or about June 2015, defendants paid Plaintiff Osorio a fixed salary of $70 per day.

58.     From approximately July 2015 until on or about December 2016, defendants paid Plaintiff Osorio a fixed salary of $75 per day.

59.     From approximately January 2017 until the present date, defendants have paid Plaintiff Osorio a fixed salary of $80 per day.

60.     Plaintiff Osorio's pay has not varied even when he has been required to stay later or work a longer day than his usual schedule.

61.     For example, until approximately December 2016, Defendants required Plaintiff Osorio to work an additional 40 minutes two Saturdays per month without any additional compensation.

62.     Prior to January 2017, Defendants did not grant Plaintiff Osorio a meal break or rest period of any kind.

63.     Plaintiff Osorio has never been required to keep track of his time. However, he has noticed that Defendants punch his card for him every day, though he does not know if the cards accurately reflect his actual hours worked.

64.     Defendants have not provided Plaintiff Osorio with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked. However, Defendants have required Plaintiff Osorio to sign payment slips without providing him with copies.

65.     No notification, either in the form of posted notices, or other means, has ever been given to Plaintiff Osorio regarding wages as required under the FLSA and NYLL.

66.     Plaintiff Osorio has never been notified by the Defendants that his tips would be included as an offset for wages.

67.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Osorio's wages.

68.     Defendants have never provided Plaintiff Osorio with each payment of wages a statement of wages, as required by NYLL 195(3).

69.     Defendants have never given any notice to Plaintiff Osorio, in English or in Spanish (Plaintiff Osorio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

70.     Defendants have required Plaintiff Osorio to purchase "tools of the trade" with his own funds—including five electric bicycles, one gas bicycle, and a chain and lock.

*Defendants' General Employment Practices*

71.     Defendants regularly have required Plaintiff Osorio to work in excess of forty (40) hours per week without paying him the appropriate minimum wage, spread of hours pay and overtime compensation.

72.     At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiff Osorio and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, spread of hours and overtime compensation, as required by federal and state laws.

73.     Plaintiff Osorio has been employed ostensibly as a tipped employee by Defendants, although his actual duties have included much greater time spent in non-tipped functions.

74.     Defendants have required Plaintiff Osorio to perform several non-tip tasks for a considerable part of each work day, in addition to his primary role as a delivery person. These responsibilities include those outlined above.

75.     These extra responsibilities have constituted a significant portion of Plaintiff Osorio's hours worked.

76.     Plaintiff Osorio is not even paid at the correct lowered tip-credited rate by Defendants.

77.     However, under state law, Defendants are not entitled to a tip credit because Plaintiff Osorio's non-tipped duties have exceeded 20% of each workday (or 2 hours a day, whichever is less). 12 N.Y. C.R.R. § 146.

78.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day...in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

79.     Plaintiff Osorio's duties are not incidental to his occupation as a delivery person, but instead constitute entirely unrelated occupations with non-tip duties such as those outlined above. While performing these duties, Plaintiff Osorio does not receive tips; therefore, they constitute non-tipped occupations, and Defendants cannot lawfully take a tip credit for any of the hours that Plaintiff Osorio works in these roles.

80.     In violation of federal and state law as codified above, Defendants have classify Plaintiff Osorio as a tipped employee but have not even paid him at the tip-credited rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

81.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly have harm Plaintiff Osorio by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

82.     Defendants' pay practices have resulted in Plaintiff Osorio not receiving payment for all his hours worked, resulting in Plaintiff Osorio's effective rate of pay falling below the required minimum and overtime wage rate.

83.     Plaintiff Osorio has been a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he is owed for the hours he has worked.

84.     At no time Defendants have informed Plaintiff Osorio that they have reduced his hourly wage by a tip allowance.

85.     Defendants willfully have disregarded and purposefully have evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

86.     Defendants have also failed to post required wage and hour posters in the restaurant, and do not provide Plaintiff Osorio with the statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Osorio's relative lack of sophistication in wage and hour laws.

87.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Osorio (and similarly situated individuals) have worked, and to avoid paying Plaintiff Osorio properly for his full hours works, including minimum wage, overtime, and spread of hours pay.

88.     Defendants have failed to provide Plaintiff Osorio and other employees with wage statements at the time of payment of wages, containing: the  dates  of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,  salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours works, and the number of overtime hours works, as required by NYLL §195(3).

89.     Defendants have failed to provide Plaintiff Osorio and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether  paid by the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular  pay day designated by the employer; the name of the employer; any "doing business as"  names  used by the employer; the physical address of the employer's main office or principal place of  business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.     Plaintiff Osorio brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Three E Taste of Thai (the "FLSA Class").

91.     At all relevant times, Plaintiff Osorio and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, and the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

92.     The claims of Plaintiff Osorio stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

93.     Plaintiff Osorio repeats and realleges all paragraphs above as though fully set forth herein.

94.     At all times relevant to this action, Defendants have been Plaintiff Osorio's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have the power to hire and fire Plaintiff Osorio (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

95.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

96.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.     Defendants have failed to pay Plaintiff Osorio (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.    Defendants' failure to pay Plaintiff Osorio (and the FLSA Class members) at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

99.    Plaintiff Osorio (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

100.    Plaintiff Osorio repeats and realleges all paragraphs above as though fully set forth herein.

101.    Defendants, in violation of the FLSA, have failed to pay Plaintiff Osorio (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour works in excess of forty hours in a workweek, in violation of 29 U.S.C.  § 207 (a)(1).

102.    Defendants' failure to pay Plaintiff Osorio (and the FLSA Class members) overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

103.    Plaintiff Osorio (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

104.    Plaintiff Osorio repeats and realleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants are Plaintiff Osorio's employers within the meaning of the N.Y.  Lab.  Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Osorio (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

106.     Defendants, in violation of the NYLL, have paid Plaintiff Osorio  (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

107.     Defendants' failure to pay Plaintiff Osorio (and the FLSA Class members) minimum wage has been willful within the meaning of N.Y.  Lab.  Law § 663.

108.     Plaintiff Osorio (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAWS**

109.     Plaintiff Osorio repeats and realleges all paragraphs above as though fully set forth herein.

110.     Defendants, in violation of the NYLL and associated rules and regulations, have failed to pay Plaintiff Osorio (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour he has worked in excess of forty hours in a workweek, in violation of N.Y.  Lab.  Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

111.     Defendants' failure to pay Plaintiff Osorio (and the FLSA Class members) overtime compensation has been willful within the meaning of N.Y.  Lab.  Law § 663.

112.     Plaintiff Osorio (and the FLSA Class Members) has been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF**
**THE NEW YORK COMMISSIONER OF LABOR**

113.    Plaintiff Osorio repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants have failed to pay Plaintiff Osorio (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Osorio's spread of hours exceeded ten hours in violation of New York Lab.  Law §§ 190 *et seq.*  and 650 *et seq.*,  and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

115.    Defendants' failure to pay Plaintiff Osorio (and the FLSA Class members) an additional hour's pay for each day Plaintiff Osorio's (and the FLSA Class members) spread of hours exceeded ten hours has been willful within the meaning of New York Lab.  Law § 663.

116.    Plaintiff Osorio (and the FLSA Class members) have been damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

117.    Plaintiff Osorio repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendants have failed to provide Plaintiff Osorio with a written notice, in English or in Spanish (Plaintiff Osorio's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

119.    Defendants are liable to Plaintiff Osorio in the amount of $5,000, together with costs and attorney's fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

120.     Plaintiff Osorio repeats and realleges all paragraphs above as though set forth fully herein.

121.     Defendants have not provided Plaintiff Osorio with wage statements upon each payment of wages, as required by NYLL 195(3).

122.     Defendants are liable to Plaintiff Osorio in the amount of $5,000, together with costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**
**RECOVERY OF EQUIPMENT COSTS**

123.     Plaintiff Osorio repeats and re-alleges all paragraphs above as though set forth fully herein.

124.     Defendants have required Plaintiff Osorio to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

125.     Plaintiff Osorio has been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Osorio respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Osorio and the FLSA class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Osorio and the FLSA class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Osorio's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA have been willful as to Plaintiff Osorio and the FLSA class members;

(f)     Awarding Plaintiff Osorio and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Osorio and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Osorio and the members of the FLSA Class;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Osorio and the members of the FLSA Class;

(j)       Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Osorio  and the members of the FLSA Class;

(k)       Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Osorio's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)       Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order have been willful as to Plaintiff Osorio and the FLSA Class members;

(m)      Awarding Plaintiff Osorio and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)       Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)       Awarding Plaintiff Osorio and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)       Awarding Plaintiff Osorio and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Osorio and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(r)       Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Osorio demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        September 28, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ Michael A. Faillace

By:   Michael A.  Faillace [MF-8436]
      60 East 42nd Street, Suite 4510
      New York, New York 10165
      (212) 317-1200
      *Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

June 16, 2017

BY HAND

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                             Erick Osorio

Legal Representative / Abogado:            Michael Faillace & Associates, P.C.

Signature / Firma:                         _____

Date / Fecha:                              June 16, 2017

*Certified as a minority-owned business in the State of New York.*