FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 29 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERICK OSORIO, et al.

                              Plaintiffs,

     -against-

TASTE OF THAI INC., et al.

                              Defendants.

**JUDGMENT OF DEFAULT**

17-CV-5664

**JACK B. WEINSTEIN, Senior United States District Judge:**

     Defendants defaulted in this claim by two workers for violation of their wage and hour claims. The case was respectfully referred to the magistrate judge, James Orenstein, for computation of the amounts due to each plaintiff from defendants, jointly and severally.

     His September 12, 2018 report is attached and is made a part of this judgment. No objections to it have been timely filed despite the magistrate judges warning that the right to appeal his recommendation and adoption by this court would constitute a waiver of the right to appeal to the Court of Appeals.

     The judgment is as follows:

     The court orders: judgment against the defendants jointly and severally in the total amount of $605,996.49 (consisting of $92,131.71 in unpaid minimum and overtime wages for Osorio; $44,444.28 in unpaid minimum and overtime wages for Morales: $79,204.28 in unpaid minimum and overtime wages for Alvarez; $14,615.00 in unpaid spread-of-hours wages for Osorio: $4,894.50 in unpaid spread-of-hours wages for Morales; $10,461.25 in unpaid spread-of-hours wages for Alvarez; $5,000.00 for each plaintiff as statutory damages for failure to provide annual wage notices; $5,000.00 for each plaintiff as statutory damages for the failure

to provide accurate wage statements; $106,746.71 in liquidated damages for Osorio; $49,338.78 in liquidated damages for Morales; $89,665.53 in liquidated damages for Alvarez; $38,855.80 in prejudgment interest to Osorio; $8,720.63 in prejudgment interest to Morales; $31,920.93 in prejudgment interest to Alvarez; $3,579.50 as reimbursement of the plaintiffs' reasonable attorneys' fees; and $1,417.60 in recoverable costs).

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated:  March 25, 2019
        Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERICK OSORIO, et al.
        Plaintiffs,
    - against -
TASTE OF THAI INC., et al.,
        Defendants.
----------------------------------------------------------X

REPORT AND
RECOMMENDATION

17-CV-5664 (JBW) (JO)

James Orenstein, Magistrate Judge:

  Plaintiffs Erick Osorio ("Osorio"), Ivan Morales Solano ("Morales"), and Tito Alvarez Martinez ("Alvarez") have accused five defendants of failing to pay them the wages to which they were entitled under federal and state law. *See* Docket Entry ("DE") 14 (Amended Complaint); 29 U.S.C. § 201, *et seq.* (the Fair Labor Standards Act, or "FLSA"); New York Labor Law ("NYLL") §§ 190, 650, *et seq.* The defendants did not respond, and the plaintiffs therefore seek a default judgment. DE 36. Upon a referral from the Honorable Jack B. Weinstein, United States District Judge, I now make this report and for the reasons set forth below respectfully recommend that the court enter judgment against all of the defendants jointly and severally in the total amount of $605,996.49.

I. Background

  The following factual recitation derives from the Amended Complaint's uncontested non-conclusory factual allegations and, for purposes of damages issues, the plaintiffs' evidence submitted in support of the instant motion. The defendants – Taste of Thai Inc., 3E Food Inc., Benjamas Suratsombat, Pornthiwa Suratsombat, Paula Suratsombat, Sira Ajalanon and Mooham Ajalanon – collectively owned and operated the Taste of Thai Restaurant in Astoria, Queens (the "Restaurant"). *See* Am. Compl. ¶¶ 22-29. All three plaintiffs worked at the Restaurant as deliverers, and each also performed non-delivery tasks for several hours each day. *See id.* ¶ 5.

1

None of the plaintiffs ever received premium overtime or spread-of-hours wages. I summarize below each plaintiff's hours and compensation during the time the defendants employed them.[1]

| Osorio | | | | | |
|---|---|---|---|---|---|
| Period start | Period end | Days/wk. | Shifts/wk. > 10hrs. | Hrs./week | Wages paid |
| Sept. 2011 | Dec. 2013 | 6 | 6 | 72 | $60/day |
| Jan. 2014 | June 2015 | 6 | 6 | 72 | $70/day |
| July 2015 | Nov. 2015 | 6 | 6 | 72 | $75/day |
| Dec. 2015 | March 2016 | 7 | 7 | 84 | $75/day |
| April 2016 | Dec. 2016 | 6 | 6 | 72 | $75/day |
| Jan. 2017 | June 9, 2017 | 3 | 3 | 33 | $80/day |
| June 12, 2017 | Oct. 21, 2017 | 4 | 4 | 48 | $80/day |

| Morales | | | | | |
|---|---|---|---|---|---|
| Period start | Period end | Days/wk. | Shifts/wk. > 10hrs. | Hrs./week | Wages paid |
| Nov. 2015 | Oct. 2016 | 6 | 6 | 78 | $70/day |
| Oct. 2016 | Oct. 21, 2017 | 5 | 4 | 62.5 | $360/week |

| Alvarez | | | | | |
|---|---|---|---|---|---|
| Period start | Period end | Days/wk. | Shifts/wk. > 10hrs. | Hrs./week | Wages paid |
| Nov. 2011 | Apr. 2015 | 5 | 5 | 65 | $60/day |
| May 2015 | Dec. 23, 2015 | 5 | 5 | 65 | $60/day |
| Jan. 30, 2017 | Oct. 21, 2017 | 5 | 5 | 57.5 | $360/week |

*See* Am. Compl. ¶¶ 19-21, 51-55, 58-61, 81-82, 85-86, 99, 106-07; DE 38-13 ("Osorio Decl.") ¶¶ 8, 13-17, 20-23; DE 38-14 ("Morales Decl.") ¶¶ 8, 13-14, 17-18; DE 38-15 ("Alvarez Decl.") ¶¶ 8, 13-14, 17-18; DE 47 (inquest transcript) ("Tr.") at 5-8, 12-14, 18-25.

The plaintiffs filed their initial Complaint on September 28, 2017, and then filed the currently operative amended pleading on November 7, 2017. *See* DE 1; DE 14. They assert eight

---

[1] I exclude from the summary of each plaintiff's wage history the period prior to September 2011; the applicable statutes of limitations do not permit an award of unpaid wages for that period. In the chart for each plaintiff, "Shifts/wk. > 10 hrs." summarizes the number of days each week that the plaintiff worked for more than ten hours. Osorio took one three-day vacation as well as approximately ten days off per year; Morales took no time off; and Alvarez took two weeks for vacation between April and May 2015, as well as approximately ten days off during each year of his employment. The summaries do not reflect these absences, but I do account for them in calculating the unpaid wages that the defendants owe.

2

causes of action: the first and third seek unpaid minimum wages under the FLSA and NYLL, respectively; the second and fourth seek unpaid overtime wages under those laws; the fifth through seventh claims seek relief under the NYLL for unpaid spread-of-hours wages, failure to provide annual wage notices, and failure to provide accurate wage statements; and the eighth claim seeks reimbursement of the plaintiffs' equipment costs under federal and state law. Am. Compl. ¶¶ 151-83.[2]

The plaintiffs properly served each defendant. *See* DE 19; DE 20; DE 21; DE 22; DE 23; DE 24; DE 25. None responded,[3] and the Clerk entered each defendant's default. *See* DE 29; DE 30; DE 31; DE 34; DE 35. The plaintiffs filed the instant motion for default judgment on March 29, 2018. *See* DE 36 (notice of motion); DE 37 (supporting memorandum) ("Memo."); DE 38 (plaintiffs' counsel's supporting declaration, with exhibits). The court referred the motion to me, and I scheduled an inquest and provided all parties with notice and an opportunity to submit evidence. *See* DE 40; DE 41; DE 42. Each plaintiff testified at the inquest on July 6, 2018; none of the defendants appeared. *See* DE 45. On July 20, 2018, at my invitation, the plaintiffs submitted supplemental materials, including copies of check stubs and information pertinent to their request for attorneys' fees. *See* DE 46-1 (check stubs); DE 46-2 ("Billing Records").

---

[2] The plaintiffs pleaded all of their claims as representatives of a collective of similarly situated employees pursuant to the FLSA and of a class of employees with claims under the NYLL. *See* Am. Compl. ¶¶ 148-50. No other employee of the defendants has consented to join the action as an opt-in plaintiff, and the plaintiffs have not sought to certify either a collective or class action; instead, they seek relief only for themselves as individuals. I therefore deem the collective and class action allegations abandoned and disregard them in analyzing the instant motion.

[3] Both defendant corporations are defunct. *See* NYS Department of State Corporation and Business Entity Database, https://appext20.dos.ny.gov/corp_public/corpsearch.entity_search_entry (accessed Sept. 12, 2018).

II.  Discussion

    A.  Applicable Law

        1.  Default

When a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). The fact that a complaint stands unanswered, however, does not suffice to establish liability on its claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiffs' pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiffs' burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action. *See, e.g., Finkel*, 577 F.3d at 84. If the court finds liability, it must then conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (quoting *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). In a defaulted action under the FLSA, the court may presume the plaintiff's recollection and estimates of hours worked to be correct. *Chun Jie Yin v. Kim*, 2008 WL 906736, at *3 (E.D.N.Y. Apr. 1, 2008) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997)).

        2.  Substantive Federal and State Wage Law

The FLSA applies to "employers," a class that the statute defines broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). To fall within the ambit of the FLSA's wage and overtime protections, an employee must demonstrate either that he was "engaged in commerce or in the production of goods for

4

commerce," or that his employer was "an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1); *see also Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257-58 (E.D.N.Y. 2007), *aff'd*, 577 F.3d 93 (2d Cir. 2009).

The FLSA requires employers to pay their employees the statutory minimum wage as well as a premium (150 percent of the employee's regular rate of pay) for hours worked above 40 hours per week. 29 U.S.C. §§ 206(a), 207(a)(1). Further, an employer must "make, keep, and preserve" records of employee wages, hours, and employment conditions. *See id.* § 211(c). An employee bringing an action for unpaid overtime compensation under the FLSA has the burden of proving that he performed work for which he was not properly compensated. *Reich*, 121 F.3d at 66-67 (citing *Mt. Clemens Pottery Co.*, 328 U.S. at 687-88); *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007) (citations omitted). If an employer fails to keep the required records, the plaintiff may meet this burden "'if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Reich*, 121 F.3d at 66-67 (quoting *Mt. Clemens Pottery Co.*, 328 U.S. at 687-88). A plaintiff may do so solely through his or her own recollection. *Rivera*, 497 F. Supp. 2d at 388 (citing *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)). Finally, the FLSA prohibits an employer from eating into an employee's statutory wages by forcing the employee to provide necessary work equipment at the employee's own cost. *See* 29 C.F.R. § 531.35 (1967); 29 U.S.C. § 206(a).

The relevant provisions of the NYLL mirror the FLSA in most but not all respects. Similar to the FLSA, New York defines an employer as a "person … employing any" employee. NYLL § 190(3). It likewise requires employers to pay any employee who works as "a mechanic, workingman, or laborer" on a weekly basis with each payment made "not later than seven calendar days after the end of the week in which the wages are earned." *Id.* §§ 190(4), 191(1)(a)(i). New York

5

Case 1:17-cv-05664-JBW-JO    Document 48    Filed 09/12/18    Page 6 of 15 PageID #: 389

also mandates a 150 percent premium for overtime work. 12 N.Y.C.R.R. § 142-2.2. New York law likewise prohibits employers from forcing employees to pay for the tools of their trade. *See* NYLL §§ 193, 198-b. Unlike the FLSA, however, New York law does not require the plaintiff to show a nexus with interstate commerce or any minimum amount of annual sales. *Chun Jie Yin*, 2008 WL 906736, at *4. New York also provides for a longer limitations period: while claims under the FLSA must be brought within two years of a violation (or three years for a willful violation), the corresponding period under the NYLL is six years. *See* 29 U.S.C. § 255(a); NYLL § 663(3). In addition, New York law offers workers protections the FLSA does not: it requires employers to pay "spread-of-hours" wages to their employees equivalent to an hour of minimum wage for each work day longer than ten hours; to provide annual wage notices to employees hired after April 9, 2011; and to provide each employee with accurate wage statements at the time wages are paid. *See* NYLL §§ 195(1)(a) & (3); 12 N.Y.C.R.R. § 142-2.4.

B. Liability

The plaintiffs have adequately pleaded that the defendants operated an "enterprise ... directly engaged in interstate commerce" through the sale of "numerous items ... on a daily basis [that] were produced outside the State of New York." Am. Compl. ¶ 41. The plaintiffs allege that between the years 2011 and 2017, the defendants "both individually and jointly, had gross annual volume of sales of not less than $500,000[,]" and that the plaintiffs "repeatedly witnessed that the restaurant made approximately 150 deliveries daily, each at an average of $30." *Id.* ¶ 39-40. They have therefore met their burden of establishing that they were employed by "an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 203(s)(1)(A), 206(a), 207(a)(1); 29 C.F.R. § 779.238. The plaintiffs further adequately allege that all of the defendants were their employers and acted jointly with respect to the pertinent wage practices; that the defendants failed to pay them the minimum, overtime, and spread-of-hours wages to which they were entitled;

6

that the defendants failed to provide them with accurate wage notice and statements; and that the defendants forced them to provide their own delivery bicycles without reimbursement. *See* Am. Compl. ¶¶ 30-38, 151-80; 182-83. The plaintiffs have therefore established the defendants' liability on each of the Amended Complaint's eight causes of action.

C.   Relief

Before turning to the specific remedies the plaintiffs seek, I address two preliminary issues. First, the plaintiffs are entitled to recover damages for a longer period under the FLSA if they demonstrate that the defendants acted willfully. *See* 29 U.S.C. § 255(a). The issue is moot, however, because the plaintiffs are in any event entitled to recover the same damages (and more) for an even longer period under the NYLL without having to make a showing of willfulness. Accordingly, because the plaintiffs are not entitled to recover cumulative damages under the two statutory regimes, but may instead recover only under the statute that provides for the greatest amount of damages, the court need not make a finding as to willfulness. *See, e.g., Cao v. Wu Liang Ye Lexington Rest., Inc.*, 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010).[4]

Second, in determining the number of hours each plaintiff worked for purposes of calculating their damages, I have had to resolve some minor inconsistencies among the allegations in the Amended Complaint, the plaintiffs' written declarations, and their inquest testimony (which I generally found to be credible). I generally have relied primarily on the inquest testimony, have resolved ambiguities in the defendants' favor, and have used averaging as needed to simplify this report.

---

[4] If the issue were not moot, I would recommend against a finding of willfulness. The plaintiffs make only a conclusory allegation that the defendants had a "regular business practice" to engage in the conduct that violated the pertinent statutes and that the violations were intentional and willful. *See* Am. Compl. ¶¶ 135, 140, 142, 149. Such boilerplate is insufficient, even in the context of a default. *See Solis v. Tally Young Cosmetics, LLC*, 2011 WL 1240341, at *5 (E.D.N.Y. Mar. 4, 2011) (citing cases) (report and recommendation), *adopted*, 2011 WL 1240108 (E.D.N.Y. Mar. 30, 2011).

7

1. <u>Minimum and Overtime Wages</u>

Both the FLSA and the NYLL provided for a minimum hourly wage of $7.25 from the start of the damages period in 2011 through most of 2013. The New York minimum hourly wage rose at the end of each year from 2013 through 2016: to $8.00 on December 31, 2013; to $8.75 the following year; to $9.00 the year after that, and (in New York City) to $11.00 at the end of 2016. *See* 29 U.S.C. §§ 206(a); 12 N.Y.C.R.R. § 146-1.2. Both jurisdictions require employers to pay workers one-and-one half times their regular rate for each hour worked over forty hours worked in a week. *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4. Applying those rates to the number of regular and overtime hours each plaintiff worked, and subtracting the wages the defendants paid them, I calculate that on the first four causes of action, the plaintiffs are entitled to recover unpaid minimum and overtime wages in the following amounts: Osorio: $92,131.71; Morales: $44,444.28; Alvarez: $79,204.28.

2. <u>Spread-of-Hours Wages</u>

The NYLL's "spread-of-hours" provision entitles each plaintiff to one additional hour of pay at the minimum hourly wage for each day he worked over ten hours. NYLL § 650 *et seq.*; 12 N.Y.C.R.R. § 142-2.4. Applying that provision to the number of days each plaintiff worked more than ten hours, I calculate that on their fifth cause of action, the plaintiffs are entitled to recover unpaid spread-of-hours wages in the following amounts: Osorio: $14,615.00; Morales: $4,894.50; Alvarez: $10,461.25.

3. <u>Liquidated Damages</u>

Federal and state law provide for an additional award of liquidated damages to a plaintiff who establishes that her employer has failed to pay required wages. An employer who violates the FLSA "shall be liable" for unpaid minimum and overtime wages in "an additional equal amount as

8

liquidated damages." 29 U.S.C. § 216(b).[5] The same amount of liquidated damages is available under the NYLL. *See* NYLL § 198(1-a). Because the two regimes provide for the same measure of liquidated damages, they presumably are designed to remedy similar harms; accordingly, the court should award liquidated damages only under one statute rather than award cumulative liquidated damages under both. *See, e.g., Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 91 n.11 (E.D.N.Y. 2012); *see also Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 381-82 & n.3 (E.D.N.Y. 2013) (rejecting request for cumulative awards of liquidated damage), *aff'd*, 568 F. App'x 78 (2d Cir. 2014). I calculate the liquidated damages the defendants owe under New York law, which guarantees spread-of-hours wages in addition to minimum and overtime wages. *See, e.g., Carrasco–Flores v. Comprehensive Health Care & Rehab. Servs.*, LLC, 2014 WL 4954629, at *5-7 (E.D.N.Y. Oct. 2, 2014); *Gonsalez v. Marin*, 2014 WL 2514704, at *6 (E.D.N.Y. Apr. 25, 2014) (report and recommendation), *adopted*, 2014 WL 2526918 (E.D.N.Y. June 4, 2014); *Berrezueta v. Royal Crown Pastry Shop, Inc.*, 2013 WL 6579799, at *5 (E.D.N.Y. Dec. 16, 2013). Applying that law, I calculate that on their first five causes of action, the plaintiffs are entitled to liquidated damages in the following amounts: Osorio: $106,746.71; Morales: $49,338.78; Alvarez: $89,665.53.

4.   Wage Notices

An employee who does not receive a wage notice within ten business days of his or her first day of employment may recover $50 for each workday that the violation continues, up to a maximum of $5,000. NYLL § 198(1-b). Each plaintiff worked far more than 100 days without ever

---

[5] A defendant employer can avoid such an award by proving that the violation was the result of a good faith error. *See* 29 U.S.C. § 260; *Reich.*, 121 F.3d at 70–71. A defaulting defendant necessarily fails to meet that burden and should therefore be liable for liquidated damages. *See Castellanos v. Deli Casagrande Corp.*, 2013 WL 1207058, at *6 (E.D.N.Y. Mar. 7, 2013) (report and recommendation), *adopted*, 2013 WL 1209311 (E.D.N.Y. Mar. 25, 2013).

9

receiving the required notice. *See* Tr. at 9, 15, 27. Accordingly, on the sixth cause of action, each plaintiff is entitled to $5,000.00 for the notice violation.

### 5. Wage Statements

New York law requires employers, when paying an employee's wages, to provide the employee a wage statement containing certain information including the hours being compensated, the wages paid, and any deductions. *See* NYLL § 195(3). An employee may recover $250 per day for each violation, up to a maximum of $5,000. *See* NYLL §§ 195(1)(a), 197, 198(1-d). The defendants failed to provide each plaintiff with the required wage statements for more than fifty days during the period prior to July 2017 (when the defendants changed their pay practices by paying the plaintiffs partially by check and issuing statements, albeit inaccurate ones). *See* Tr. at 8-10, 14-16, 25-27; DE 46-1 (copy of pay stubs).[6] Accordingly, on the seventh cause of action, each plaintiff is entitled to $5,000.00 for the wage statement violation.

### 6. Equipment Costs

As noted above, the Amended Complaint's uncontested allegations suffice to establish the defendants' liability for failing to reimburse the plaintiffs for the tools of their delivery work. But while those allegations are deemed true for purposes of liability, the court cannot rely on them to determine the amount of damages the defendants owe. Instead, the plaintiffs must adduce evidence to establish such damages to a reasonable certainty. They have not done so. The evidence they submitted in support of the motion includes only vague estimates of the amounts spent on bicycles and related equipment, without providing itemized descriptions of their purchases or any receipts or other reliable proof of the amounts spent. Nor do any of the plaintiffs explain why the defendants

---

[6] The daily and maximum amounts were lower before December 29, 2014, when New York amended the statute. *See* NYLL § 198(1-d); *Gonsalez*, 2014 WL 2514704, at *7-8. Because the damages that accrued after the amendment exceeded the maximum, the change in the law has no effect on the outcome here.

10

should reimburse each of them for the purchases of multiple bicycles and scooters, as well as thousands of dollars of other equipment and maintenance that appear to be far more than is reasonably required for delivery work – and none of them mentioned the matter in their inquest testimony. *See* Osorio Decl. ¶ 37; Morales Decl. ¶ 32; Alvarez Decl. ¶ 32; Memo. at 5, 7, 9. Because the plaintiffs have failed to establish their damages on the eighth cause of action with any reasonable certainty, I respectfully recommend against any award on that count.

### 7. Prejudgment Interest

New York law generally provides for an award of prejudgment interest on a variety of claims, including the claims for unpaid wages asserted here, at an annual rate of nine percent. *See* N.Y. C.P.L.R. §§ 5001, 5004. Where, as here, "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.* § 5001(b). A court has discretion to choose a reasonable accrual date. *Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 512 (2d Cir. 1994). Courts often select the median date between the earliest ascertainable date the action arose and the date the plaintiff filed suit. *See, e.g., Pavia v. Around the Clock Grocery, Inc.*, 2005 WL 4655383, at *8 (E.D.N.Y. Nov. 15, 2005). Applying that method to this action, which the plaintiffs filed on September 28, 2017, I calculate that the defendants owe the following amounts in interest through September 30, 2018 (a reasonably likely judgment date after allowing for objections to this report):

| Plaintiff | Employment start date | Median date | Principal (total unpaid wages) | Accrual period (start date to Sept. 28, 2017) | Accrued interest[7] |
|---|---|---|---|---|---|
| Osorio | Sept. 1, 2011 | Sept. 14, 2014 | $106,746.71 | 4.04 years | $38,855.80 |
| Morales | Nov. 1, 2015 | Oct. 14, 2016 | $49,338.78 | 1.96 years | $8,720.63 |
| Alvarez | Nov. 7, 2011 | Oct. 18, 2014 | $89,665.53 | 3.96 years | $31,920.93 |

---

[7] Interest = Principal x accrual period x 0.09.

11

8. <u>Attorney's Fees</u>

Both federal and state law authorize the court to award the plaintiffs their reasonable attorneys' fees. *See* 29 U.S.C. § 216(b); NYLL § 663(1). Courts in this circuit assess fee applications using the "lodestar method," under which a reasonable hourly rate is multiplied by a reasonable number of hours expended. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997); *King v. JCS Enters., Inc.*, 325 F. Supp. 2d 162, 166 (E.D.N.Y. 2004) (citing cases).[8] A reasonable hourly rate is the rate a "reasonable, paying client" would be willing to pay. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420-21 (2d Cir. 2010); *Manzo v. Sovereign Motor Cars, Ltd.*, 2010 WL 1930237, at *7 (E.D.N.Y. May 11, 2010). Reasonable hourly rates are informed in part by the rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Ferrara v. All Am. Trucking Servs., Inc.*, 2012 WL 1042936, at *7 (E.D.N.Y. Feb. 17, 2012) (report and recommendation, quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)), *adopted*, 2012 WL 1041840 (E.D.N.Y. Mar. 28, 2012). District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). The absence of contemporaneous records

---

[8] I use the term "lodestar" only for ease of reference. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 n.4 (2d Cir. 2008); *see also Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (describing the lodestar as producing a "presumptively reasonable fee" and noting that failure to calculate it as a starting point in determining a fee award is "legal error").

12

precludes any fee award in all but the most extraordinary of circumstances. *Scott v. City of N.Y.*, 626 F.3d 130, 133-34 (2d Cir. 2010). Inadequate documentation warrants reduction of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Levy v. Powell*, 2005 WL 1719972, at *7-8 (E.D.N.Y. July 22, 2005).

The plaintiffs seek reimbursement for their counsel in the total amount of $7,222.00 at the following hourly rates: $450 for partner Michael Faillace ("Faillace"), who has over thirty years of experience; $250 for the work of Sara Isaacson ("Isaacson"), who has three years of experience, through March 2018; $350 for Isaacson's work thereafter; and $250 for Haleigh Amant ("Amant"), who graduated from law school in 2017 and was not admitted to the bar at the time she worked on this matter. *See* DE 46 at 1-2; Billing Records. Each of the claimed rates exceeds the hourly rates for comparable professionals normally awarded in similar cases in this district.[9] Consistent with applicable precedent, I respectfully recommend that the court award fees based on the following hourly rates: $350 for Faillace, $175 for Isaacson, and $100 for Amant. *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 2013 WL 950573, at *7 (E.D.N.Y. Mar. 12, 2013) (collecting cases and finding that reasonable hourly rates in this district range from $300 to $400 for partners, $200 to $300 for senior associates and $100 to $200 for junior associates); *Lopez v. Royal Thai Plus, LLC*, 2018 WL 1770660, at *13 (E.D.N.Y. Feb. 6, 2018) (awarding $350 for Faillace and $175 for Isaacson); *Jean v. Auto & Tire Spot Corp.*, 2013 WL 2322834, at *7 (E.D.N.Y. May 28, 2013) (approving hourly

---

[9] At the inquest, I asked the plaintiff to provide information about the rates each attorney had actually been awarded in recent years, and explicitly asked that they avoid "cherry-picking" the most favorable awards. *See* DE 45 (minute entry); Tr. at 28-29. Instead of providing that information, the plaintiffs submitted just one case from this district decided in 2011 that approved a rate for Faillace. They also submitted information about rates approved in several cases decided in the Southern District of New York approving rates for Faillace and Isaacson, *see* DE 46 at 2, but such information is of little relevance. "[T]he Second Circuit has made it clear that rates in the Southern District of New York are not a proxy for rates in this district." *Quito v. El Pedragal Rest., Corp.*, 2017 WL 2303979, at *2 (E.D.N.Y. May 26, 2017) (citing *Simmons*).

13

rates of $200 for associates with four years' experience and $175 for an associate with two years' experience); *Douyon v. N.Y. Med. Health Care, P.C.*, 2014 WL 4948121, at *17, *20 (E.D.N.Y. Sept. 20, 2014) (collecting cases and adopting a rate of $100 for a law clerk who had graduated law school but was not yet admitted to the bar).

The plaintiffs' counsel billed a total of 24.67 hours of work as summarized below. Having reviewed the Billing Records, I conclude that the hours claimed are reasonable. I therefore recommend the court award attorneys' fees in the amount of $3,579.50, as set forth below.

| Professional | Hourly Rate | | Hours Worked | Adjusted Fee |
| --- | --- | --- | --- | --- |
| | Claimed | Adjusted | | |
| Faillace | $450 | $350 | 0.07 | $24.50 |
| Isaacson (through 3/31/18) | $250 | $175 | 4.20 | $735.00 |
| Isaacson (after 3/31/18) | $350 | $175 | 10.40 | $1,820.00 |
| Amant | $250 | $100 | 10.00 | $1,000.00 |
| Total | | | 24.67 | $3,579.50 |

9.  **Costs**

The plaintiffs seek the reimbursement of $2,517.60 in costs, including the $400 filing fee, $517.60 for service of process, and $1,600.00 for two Spanish interpreters for the inquest hearing. *See* Billing Records; *see also* 29 U.S.C. § 216(b) (authorizing an award of costs); NYLL § 663(1) (same). The record sufficiently establishes the filing and service fees. Interpreter costs are recoverable, *see Hernandez v. NJK Contractors, Inc.*, 2015 WL 5178119, at *6 (E.D.N.Y. Sept. 3, 2015), but the plaintiffs have neither submitted vouchers for the interpreters' services, nor explained their need for two separate interpreters at such high rates for an inquest hearing that lasted less than 90 minutes. I have no doubt they incurred some interpretation costs, but the amount sought is unreasonably high and insufficiently documented. I recommend awarding $500 in interpretation costs. Adding the other costs discussed above, I respectfully recommend a total award of $1,417.60 in costs.